RECEIVED IN
The Court of Appeals
Sixth District

JAN 1 - 2015

Texarkana, Texas
Debra Autrey, Clerk

ERIC L. HILL #1917752

ALLRED UNIT

2101 FM 369 Nth

IOWA PARK, TEXAS 76367

JANUARY 6,2015

HONORABLE JUSTICES

SIXTH DIST. COURT OF APPEALS

Bi State Justice bldg
100 N. State Line Ave., Suite 20

TEXARKANA, TEXAS 75501

JAN 1 4 2015

Texarkana, Texas
Debra Autrey, Clerk

In Re APPEAL COURT NO. 06-14-00014-CR

(TRIAL COURT NO. 43,089-B on appeal from

judgement and sentence of the 124th Dist.

Court of Gregg County,Texas)

ERIC L. HILL V TEXAS

## LETTER FORM PLEADING

DEAR HONORABLE JUSTICES OF THE SIXTH COURT OF APPEALS,

NOW COMES, ERIC L. HILL,#1917752, the Appellant in the above styled and
numbered cause of action , who does make and file this LETTER FORM PLEADING,
who does make,declare,state,verify,complain, and plead under penalty of
perjury of the laws of the United States and the State of Texas,in accordance
with and pursuant to 28 U.S.C.sec. 1746 and Tex.Civ.Proc. and Rem.Code Sec.s
132.001-132.003 declaring,confirming,and pleading the foregoing Letter Form
Pleading is true and correct by hereinafter affixing my signature and its date
of execution and who does declare,state,complain,and plead as follows:

I.

## JURISDICTION

I,ERIC L. HILL #1917752, do declare that this Honorable Sixth Court of
Appeals has jurisdiction and authority in this matter pursuant to the Appel-
lant having given timely and proper notice of appeal as noted by the records
and papers of this cause.

Still further,the Appellant, who is a Citizen,of both,the United States
and the State of Texas, who having been present at and during the trial pro-
cess and procedures does advance this foregoing LETTER FORM PLEADING  in acc-
ordance with his right to seek remedy and redress of grievances and wrongs
which he experienced as a defendant during his trial whose gross travesty of,
and miscarriage of justice abridged and deniedexpressed and mandated rights
under the UNITED STATES CONSTITUTION and ,confirming laws,to include,THE STATE
OF TEXAS and confirming laws. For in having experienced the injustice the Ap-

I

pellant's scrutiny and close inspection of his Appeal Brief and State's Brief In Reply prompts the need and necessity of the Appellant to take exigent response of making and filing this LETTER FORM PLEADING in the best interest of justice to prevent further travesty and miscarriage of justice occuring at the appeal process and procedure.

Therefore, the Appellant,a Citizen,does not advance by and through this pleading seeking to be granted "hybrid representation". For if not for the concerns and complaints of the Appellant as hereinafter set forth and identified being so blatant and overt unauthorized,unlawful,and unconstitutional acts,actions,omissions,and otherwise conduct on part of the Officers of the Court,namely; State's Prosecuting Attorney and Defense Attorny;as well as,the Trial Judge, whom without regard of the expressed and implied mandate of both Federal and State Constitutions and thier conforming laws governing prohibition of giving evidence against self by direct or indirect means and fair and impartial trial as a whole.

Still further, the Appellant deems it appropriate and important that this Honorable Sixth Court of Appeals does adhere and comply with the express and implied mandate of the U.S.SUPREME COURT as made in ruling and opinion of HAINES V KERNER,404 U.S. 519 (1972). For liberal review and consideration of this LETTER FORM PLEADING is most appropriate. As the interest of justice in this case hopefully will address this in both letter and spirit of the U.S. SUPREME COURT.

## II.

## MOTION FOR SUSPENSION OF RULE

NOW COMES, ERIC L. HILL #1917752, the Appellant,in the above styled and numbered cause of action,a citizen,who advances in the best interest of justice, who does make and file this MOTION FOR SUSPENSION OF RULE in accordance with and pursuant to Texas Rule of Appellate Procedure,Rule 2,Suspension OF RULES as relevant to the Appellant's LETTER FORM PLEADING and of the Honorable Sixth Court of Appeals to suspend any and all rules as relevant to form,substance,or otherwise for pleading before this courtthrough Motions, Request,and/or Briefs. Fir in the suspension of the rules it will allow the Appellate LETTER FORM PLEADING to be filed,processed,and heard in the best interest of justice where the fundamental basis and principles of the "LAW OF THE LAND" have been violated and denied the Appellant,a Citizen.

2

WHEREFORE,PREMISES CONSIDERED,the Appellant,a Citizen prays that the Honorable Sixth Court of Appeals does make and enter its ORDER to suspend any and all rules and requirements for form and/or substance relevant to the instant and foregoing LETTER FORM PLEADING, et al.

## III

## APPELLANT'S MOTION FOR LEAVR TO FILE SUPPLEMENTAL "PRO SE" BRIEF

## IN THE BEST INTEREST OF JUSTICE

NOW COMES,ERIC L. HILL,#1917752,the Appellant,a Citizen,in the above styled and numbered cause of action moving this Honorable Sixth Court of Appeals for leave to make and file an APPELLANT'S "PRO SE" SUPPLEMENTAL BRIEF IN THE BEST INTEREST OF JUSTICE, who does so as a Citizen and not for purpose or intent of "Hybrid Representation" where he has now and has suffered travesty and miscarriage of justice who does state,declare,complain,and plead in support hereof as follows:

## 1

## JURISDICTION AND AUTHORITY

The Appellant,a Citizen,does involk this Honorable Sixth Court of Appeals jurisdiction and authority in accordance with and pursuant to The Texas Constitution,Article V, et seq, and Texas government code HAVING REEVANCE AND applicability to the Honorable Sixth Court of Appeals being able to operate in the orderly administation judicial functions and justice. For in doing so, this Honorable Sixth Court of Appeals is mandated to uphold and otherwise enforce both the Federal and State Constitutions, to wit; UNITED STATES CONSTITUTION, Article VI, Clause 2; Amendments V;vi; and XIV, Section 1 and the conforming x and relevant applicationof provisions of the TEXAS Constitution Article I,-10; 19; and 27 . The Applicant,a Citizen, does further declare,state,and plead that the relevant and pertenant rulings and opinions as having been made and entered by the U.S.Supreme Court affords jurisdiction and authority,as well as impose a mandate upon this Honorable Sixth Court of Appeals to uphold and enforce the "LAW OF THE LAND".

3

## REASON FOR GRANTING WRIT

The Appellant, a Citizen, who in the best interest of justice proceeds as a "Pro SE" litigant seeking remedy and redress to address and correct a travesty and miscarriage of justice by proceeding without the benifit of the use of the Clerks record and/or Reporter's Record to prepare and advance the LETTER FORM PLEADING. For as a Citizen, who is the Appellant, the necessity and exigency of bringing to the attention of this Honorable Sixth Court of Appeals the following overt and blatant errors that violated expressed and implied mandate of the United States Constitution and its conforming laws, as determined by the SUPREME COURT OF THE UNITED STATES OF WHICH The Texas Constitution and conforming laws are such.

a. Applicant, a Citizen, was subject to a criminal process and procedure at trial which failed to meet the minimun of Constitutional integrity when the express and implied mandate of the U.S. Constitution, Amendment V AND XIV section 1, prohibiting being a witness against self was violated; as was Texas Constitution Article 1, Sections 1;10;19; and 27 and Texas Code of Criminal Procedures, Article 1.05.

b. APPELLANT, A CITIZEN, was subject to a criminal precess and procedure at trial which failed to meet the minimum of Constitutional integrity when ø the express and implied mandate of the U.S. CONSTITUTION AMEndment V and XIV section 1. protecting ~~guaranteeing~~ and guranteeing a fair and impartial trial; as does ~~Texas Constitution~~ Article 1, sections 1;10;19; and 27 and Texas Code Criminal Procedures, Article 1.05, DOES EXPRESSLY AND implicitely mandates were violated.

c. Appellate, a Citizen, was subject to a criminal process and procedure at trial which failed to meet the minimum of Constitutional integrity when the Trial Court abused its dicretion in refusing and failing to uphold and enforce mandate of the U.S. CONSTITUTION AMENDMENTS V, VI, AND XIV, Section 1, WHEN TRIAL COURT REFUSED AND FAILED TO REMOVE JURY AND CONDUCT hearing to preserve the minimum of integrity of the jury trial process after the prejudicial injection of guilt of the Appellant, a Citizen, had been done by the Attorney for the defense in opening argument before the impaneled jury causing harm and prejudice.

d. Appellate, a Citizen, was subject to a criminal process and procedure

at trial which failed to meet the minimum of constitutional integrity where an officer of the court,namely,States Prosecuting Atty. refused and failed to uphold and protect the integrity of the jury trial process and procedure by not requesting the trial court to remove the jury and make a judicial of and about the Appellant's TRIAL ATTORNEY's admitting"guilt" of his Client who had not made AND ENTERED A "plea of guilty" to charges alleged in the indictment,but,the Appellant had made and entered a "plea of not guilty" which the jury would have been confused; as well as causing the Appellant to be prejudiced and harmed by the opening argument.

Still further, where the afoermentioned and indentified substantive and st- ructural erroes as shown and supported by the trial records on appeal, which neither the Appellant's,a Citizen, whose appeal counsel and/or the States Atty. refused and failed to recognize and identify the unauthorized,unlawful, and unconstitutional acts,actions,omissions,and otherwise conduct and conditions which injected prejudice and harm that had more than a reasonable posibility it had effect on substantial and structural rights of Appellant, a Citizen, and the outcome of his jury trial process and procedureFor reason that neither off- icer of the Court at trial,as well as, appeal have given consideration to pre- serving public trust and integrity of the jury trial process that the Appellant a Citizen, advances in the best interest of justice to allow this court to pre- serve judicial resources where ijury,prejudice,and harm indermines the trial by jury process and procedure. It is of reasonable probability if the foregoing errors had been appropriately and adequately addressed the Applicant would not have been found"guilty" of a felony and would have been adjudged and punished for the violation of the misdemeanor assault of which the guilty admission was made in his opening and closing arguments .

In conclusion,the Appellant,a Citizen, seeks the Honorable Sixth Court of Appeals  to act in the best interest of justice where the Appellant's criminal trial process and procedure was infected with prejudice and harm that the out- come and results show and support overt and blatant denial of the basic of rights mandated by the U.S.CONSTITUION and the confirming laws of which the STATE OF TEXAS CONSTITUTION and laws are such which the relief prayed for is just and

WHEREFORE, Applicant,a Citizen,does pray that the hereinafter Appellant's "Pro Se" Suppllemental Brief filed in the best interest of justice is made a part of this pleading and should otherwise be filed and heard in the best interest of justice as filed by a Citizen who make such request in good faith and not to disrupt orderly process of the Court.

IV

## APPELLANT'S"PRO SE" SUPPLEMENTAL BRIEF FILED IN THE BEST INTEREST OF JUSTICE

NOW COMES,ERIC L. HILL,#1917752,the Appellant -, a Citizen,in the above styled and numbered cause of action currently pending before this Honorable Sixth Court of Appeals and does move this MOTION FOR LEACE TO FILE SUPPLEMENTAL "PRO SE" BRIEF IN THE BEST INTEREST OF JUSTICE and this APPELLANT'S "PRO SE" SUPPLEMENTAL BRIEF FILED IN THE BEST INTEREST OF JUSTICE does make,complain, and plead this travesty and miscarriage of justice in the Appellant's trial process and procedures as follows:

### A.
### IDENTITY OF PARTIES AND COUNSELS

The Appellant,a Citizen,and "Pro Se" litigant who is and has proceeded without the benifit of the use of the Clerk's Record (CR) and the Reporter's Record (RR) which identifies all parties and those counsels,whom having appeared as a matter of record. For in the light of this,the Appellant requests that the Honorable Sixth Court of Appeals does take judicial notice of the parties as identified in the record as having been brought before the Honorable Sixth Court of Appeals. As the Appellant's Appeal Atty,namely,thwe Honorable Tim Cone,makes a partial listing of those parties where the identity of the trial Judge has been excluded.

### B.

### STATEMENT ABOUT ORAL ARGUMENT

The Appellant, a Citizen,who is a person who is confined and does not request any appearance or oral argument before this Honorable Sixth Court of Appeals.

6

## C.

## STATEMENT OF THE CASE

The Appellant, a Citizen, does aver that it is shown and reflected in the Clerk's Record (CR) and the Reporter's Record (RR) that the Appellant,a Citizen, was engaged in the criminal process and procedures as a result of a Grand Jury Indictment purportedly returned by lawfully empaneled Grand Jury who returned a "true bill" to the inartfully disjunctively plead indictment which first involked the 124th District Court's misdemeanor jurisdiction for three paragraphs of misdemeanor assault. For in being disjuctively pled,it is the Appellant's,a Citizen, position and standing that the felony jurisdiction could nto otherwise involked until the jury as empowered to hear evidence determined that the Appellant had committed two or more unlawful acts within a twelve month period prior to the return of the indictment purporting to involk Court's authority and jurisdiction. pursuant to Texas Penal Code,Section 25.11.

Accordingly, the Court read the indictment into the record in its disj-uctively pled state and the Appellant,a Citizen did make and enter his "plea of not guilty" in open Court before the jury. The trial process and procedure opened with opening arguments by both the State and the Defense. For it was during those opening arguments,the Appellant's,a Citizen,Trial Atty.did in his opening argument inject prejudicial and harmful information when he informed the empaneled jury the Appellant,a Citizen and his client, was in fact "guilty as offense as alleged in Paragraph Two". As the State's Atty.an officer of the Court,and the Trial Judge did not take any action to protect the integrity of the jury trial process and procedure which would have required a request by the State's Prosecuting Atty. to remove the jury and/or upon the Trial Judge's duty and responsibility for preserving fairness and the integrety of the jury trial process and procedure for the Trial Judge to take initiative in adhere-nce of upholding and enforcing the right and privilege not to have any infer-ence or direct advancement of information directly or indirectly of incrimi-nation which the Appellant's,a Citizen and client,whose Atty had done in

7

opening argument. For where no action was taken by the Court and/or any Officer of the Court, to wit, State's Prosecuting Atty. and/or Atty. for the Defense to seek the appropriate and proper instruction of jury regarding this prejudicial, harmful, and injurious unauthorized, unlawful, and uncostitutional acts, actions, omissions, and otherwise conduct which has critical effect upon the outcome of the Trial and the Appellant being presently confined for a felony rather than being confined in the County Jail.

The Appellant, a Citizen, who has read the State's Reply Brief and his Appellate Brief finds no mention of the seriousness injected and inflicted during the Appellant's, a Citizen, Trial process where both the Stae's Atty. on appeal and the Appellant's Atty. on Appeal artfully evade any direct or indirect addressment of issue being brought to the Honorable Sixth Court of Appeals attention in the best interest of justice by the Appellant, a Citizen who was injured and haemed by the unauthorized, unlawful, and uncostitutional prejudicial and harmful opening argument admitting guilt of his client before the empaneled jury.

Still further, the Trial Court's Refusal and failure to timely and properly instruct the empaneled jury with or without conducting an appropriate inquiry as to the prejudicial and harmful opening argument of Trial Counsel and inquiry of the Appellant, a Citizen to asertain if in fact there was veracity to the information given into record as opening argument before an empaneled jury who had yet to recieve any evidence tending to show and support commission of the elements of the offense charged in the indictment. As the Appellant's Trial Record affirmatively ahow and support the Appellant, a Citizen, being overwhelmingly "guilty" of the allegations as pled in Paragraph two misdemeanor assualt of which the Atty. for the Defense had advanced in his opening argument and closing statements regarding his client's guilt. For there is no showing that the Appellant, a Citizen, had committed any violation of the State of Texas By Laws as alleged in paragraphss One and Three; as well as, there not being any direct evidence by a witness whose true and real identity is

8

questionable having given false identification in an official investigation.

THEREFORE, the weight of the inflicted prejudice and harm cannot be sufficiantly known where no showing in the record is present that the Trial Court and/or any Officer of the Court tried to protect the integrety of the jury trial process and procedures;as well as,the rights of the Appellant,a Citizen, who was prejudiced and harmed. As this is reflected and shown by the unauthorized,unlawful,and unconstitutional acts,actions,omissions,and otherwise conduct employed and used in Trial process and procedures that no corrctive effort can be shown or documented as having occured in the trial records.

The Appellant,a Citizen,does plead to this Honorable Sixth Court of Appeals if a finding is made taht there need be a more definite and specific showing of prejudice and harm for reason of lacking in clarity of facts and evidence found in the Clerk's Record (CR) and the Reporter's Record (RR) which the Appellant, a Citizen,pleads his standing and position from the expressed and implied rulings and mandate of the U.S. SUPREME COURT in the hereinafter authorities authorizing this Honorable Sixth Court of Appeals to make the trial records available to the Appellant,a Citizen as settled inLONG V DISTRICT COURT OF IOWA,385 US 192 (1966);DRAPER V WASHINGTON 372 US 487 (1963);LANE V BROWN 372 US 477 (1963); BURNS V OHIO 360 US 252 (1959);ESKRIDGE V WASHINGTON 357 US 214 (1958),and Griffin v Illinois,351 US 12 (1956). For all of these authorities address the issue of the need and importance of the use of trial recoeds in preparing pleadings. As this is affirmatively true in the instant matter where the Appellant,A Citizen, as emphasis to the seriousness,importance,and exiegency of the Appellant's,a Citizen,advancement of this pleading in the best interest of justice where a travesty and miscarriage of justice has been denied protected and guaranteed rights under the U.S.CONSTITUTION.

## D.

## ISSUES PRESENTED

### a. ISSUE PRESENTDE NUMBER ONE

Appellant,a Citizen,was subject to a criminal process and procedure,at trial,which failed to meet the minimum of Constitutional integrety when the express and implied mandate of the U.S. CONSTITUION,AMENDMENTS V AND XIV,SEC. 1 prohibiting being a witness against self was violated ; as was Texas Constitution Article I,§s 1;10;19;and 27 and Texas Code Criminal Proc.,Article 1.05.

### b. ISSUE PRESENTED NUMBER TWO

Appellant,a Citizen, was subject to a criminal process and procedure at trial which failed to meet the minimum of constitutional integrety when the express and implied mandate of the U S Constitution Amendment VI and XIV § 1 protecting and guaranteeing a fair and impartial trial; as does Texas Constitution Article I,§;1;10;19;and 27 and Texas Code Criminal Proc.Article 1.05 Does expressly and implicitedly mandate were violated.

### c. ISSUE PRESENTED NUMBER THREE

Appellant,a Citizen,was subject to a criminal process and procedure,at trial,which failed to meet the minimum of Constitutional integrety when the Trial Court abused its discretion in refusing and failing to uphold and enforce mandate of U S CONSTITUTION,AMENDMENTS V: VI: andXIV §1 when Trial Court refused and failed to remove the jury and conduct a hearing to preserve the integrety of the jury trial process after the prejudicial injection of "guilt" of the Appellant,a Citizen,had been done by the Atty. for the Defense in opening argument before the empaneled jury causing harm and prejudice.

### d. ISSUE PRESENTED NUMBER FOUR

Appellant,a Citizen,waas subject to a criminal process and procedure,at trial,which failed to meet the minimum of constitutional integrety where the officer of the Court,namely,States Prosecuting Atty. refused and failed to uphold and protect the integrety of the jury trial process and procedure by not

10

requesting the Trial Court to remove the jury and make a judicial inquiry of and about the Appelant's Trial Atty.admitting "guilt" of his client who had not made or entered a "plea of guilty" to charges alleged in the indictment;but,the Appellant had made and entered a "plea of not guilty" which the jury would have been confused;as well as,causing the Appellant to be prejudiced and harmed by the opening argument.

## E.

### ARGUMENTS AND AUTHORITIES

#### a. ARGUMENT AND AUTHORITIES FOR ISSUE PRESENTED NUMBER ONE

The Appellant has and does advance in the best inerest of justice,as a Citizen,that he was subject to a criminal process and procedure,at trial,which failed to meet the minimum of Constitutional integrety when the express and inplied mandate of the U S CONSTITUTION AMENDMENTS V AND XIV,§1 prohibiting being a witness against self was violated;as does Texas ConstitutionArticle I,§s 1; 10; 19; and 27 and Texas Code Criminal Proc.,Article 1.05. For as a Citizen,who is the Appellant,who was the Defendant,whose Trial Atty.without regards for the express and implicit mandate of the U S Constitution Amendment V,which reads and pertenant and underlined as follows:

> "...No person shall be held to answer for a capital or otherwise infamos crime,unless on a presentment or indictment of a Grand Jury,except in a case arising in the land or naval forces,or in the Malitia,when actual service in time of war,or public danger;nor shall any person be subject for the same offense to be twice put in jeopardy of life and limb;nor shall be compelled in any criminal case to be a witness against himself,nor be deprived of life,liberty,or property without due process of law,nor shall private property be taken for public use without just compensation...;

as this some express and implicit mandate is equally the mandate of Texas Constitution,Article 1,§ 10 and the statutory provision of Texas Code Criminal Proc. Article 1.05 that prohibits being a witness against self. For this U S Constitution,Amendment V mandate is applicable to the State by and through the manadate of U S Constitution Amendment XIV,§ 1 as ruled by the United

11

States Supreme Courtin MALLORY V HOGAN,378 US 1,6 (1964). As the factual circumstances of the case of MALLORY V HOGAN,supra may be different from those currently before the Honorable Sixth Court of Appeals,the Appellant,a Citizen, who advances this matter in the best interest of justice avers the application of the law is relevant and applicable to interject prejudiced and harmful opening argument of his Defense Atty.which breeched this express and implicit mandate when he argued prior to any production of evidence,the Appellant,a Citizen,his client was in fact "guilty" of Paragraph Two contrary to the made and entered plea of not guilty.

Although,the Appellant,a Citizen,complained and advanced error is distinctive of the matters set forth in MIRANDA V ARIZONA,384 US 436 (1966),the Appellant,a Citizen,takes the standing and position the instant cause rest on the fact the Appellant,a Citizen,had not and did not execute a knowing and intentional intelligent waiver of his rights to allow entry of evidence against self as required by State of Texas Statues in Texas Code Criminal Proc.,Articles, 1.13; 1.14; 1.15; and 26.13 governing "guilty pleas". And where the Defense Atty.,an officer of the Court,whom had been formerly schooled,educated,and trained in the art and science of the field of law,should have known,and/or should have sought out advice and counsel regarding his unauthorized,unlawful, and unconstitutional acts,actions,omissions,and otherwise conduct which impeded, hindered,interfered,and denied the Appllelant,a Citizen,benifit of the prohibitionexpressly and implicitelly manadated by the U S Constitution,Amendments, V and XIV,§1 prohibiting giving direct and/or indirect evidence against self, see,SMITH V UNITED STATES,337 US 137 (1949),and,EMSPAK V UNITED STATES,349 US 190 (1955) which both address issues of waiver of right to give evidence against self.

The Appellant,a Citizen,would direct the Honorable Sixth Court of Appeals to the rulings and mandate of the United States Supreme Court as made and entered in its ruling and opinion in KOTTEAKOS V US, 328 US 750 (1946), which expressly

ruled and mandated the error must have a "substantial injurous effect or influence in determining the...verdict..." as did and does the Defense Atty.'s prejudicial injection of the Appellant's ,a Citizen,being "Guilty" before any evidence had been preffered by the State. For the unauthorized,unlawful,and unconstitutional acts,actions,omissions,and otherwise conduct that was improper, prejudicial,and harmful on the part of the Defense Atty. addmitting the "guilt" of his client, the Appellant,a Citizen,in any manner fully infected the jury with being an impartial adjudicator on an empaneled jury. As this wrong and violation of the Appellant's,a Citizen, rights is not a situation or circumstance that would be difficult to assess the effect of the error where the Appellant now sits in prison for a misdemeanor as a result of strucural and error, see,ARIZONA V FULMINANTE, 499 US 279,304-310 (1991),cited in,PUCKETT V US,556 US ___ (2009)(slip opinion); US V OLANO,507 US 725,731-737 (1993); JOHNSON V US, 520 US 461,466-467 (1997); US V COTTON, 535 US 625,631-632 (2002).

In conclusion,the Appellant,a Citizen,now advances in the best interest of justice his criminal process and procedures,at trial,was so prejudiced and harmful that the effect upon the Appellant's,a Citizen,trial denied substancial and structural rights and no matter how unlikely that the Appellant,a Citizen, could have been convicted based exclusively on the evidence at trial the error is so irreconcilable to such a degree that both officers of the Court,namely; State's Prosecuting Atty.and Defense Atty.;as well as, the Trial Court should have acknowledged it and taken action,see;US V DOMINGUEZ-BENITEY,542 US 74,83 (2004),cited in MARCUS V US,(slip opinion) No.08-1341 (argued Feb.24,2010-Decided May 24,2010, 560 US -------(2010).

b. ARGUMENT AND AUTHORITIES FOR ISSUE PRESENTED NUMBER TWO

The Appellant has and does advance in the best interest,as a Citizen,that he was subjected to a criminal process and procedure,at trial,which failed to meet the minimum of Constitutional integrety when the express and implied mandate of US CONSTITUTION AMENDMENT VI AND XIV,§1 protecting and guaranteeing a fair and impartial trial;as does Tex.Constitution Art.1,§s 1;10;19;and27, and

13

Texas Code Crim.Proc.,Art.1.05 does expressly and implicitely mandate were violated. For as a Citizen,who has been arrested,charged by a Grand Jury indictment, appointed counsel,brought to trial,and convicted under conditions and circumstances that raise serious questions of and about the integrety of trial by jury. As the Appellant,a Citizen and layman to the "art" and "science"of the field of law contends and complains the foundation of the mandate of the <u>US CONSTITUTION AMENDMENTS VI AND XIV § 1</u> were overtly and blatantly violated when not one of those persons,namely; State's Prosecuting Atty. and Defense Counsel;as well as, the Trial Judge,whom all have been formerly schooled,educated ,and trained as licensed members of the State of Texas College of the Bar, whom refused and failed to protect and enforce the <u>US CONSTITUTION,AMENDMENTS VI AND XIV, § 1</u> as determined by the Supreme Court of the United States. Which in so refuseing and failing to protect and enforce the <u>US CONSTITUTION,</u><sup>A</sup><u>MENDMENTS VI AND XIV § 1</u> THE Appellant, a Citizen,was denied his right to a fair and impartial trial.

Accordingly,this Honorable Sixth Court of Appels is required to take judicial notice of the facts that the Defense Atty.did in opening and closing arguments conceed to the"guilt" of the Appellant,a Citizen. Which is important to note in this judicial Defense Atty.'s injection of "guilt" of his client,the Appellant,a Citizenwas prior to the State's Atty having proffered any evidence as relative to any allegation made in the indictment. And it should also be of Judicial Notice that the record is devoid of any corrective action on part of any of those formerly educated and trained in law to preserve the integrety of the jury trial process and procedure where prejudicial and harmful argument had tainted the empaneled jury's ability to make and enter an unbiased and uninformed decision based on the evidence alone. This in itself challenges the public reputation of the judicial system.

For where all persons who participated in the Appellant's,a Citizens, trial having a license to practice law,namely;the State's Prosecutin Atty.the Defense Atty.,and the Trial Judge whom all know,should have known,and when

14

would have known if a diligent effort had been taken to make to themselves by and through advise and counsel wherea egregious error had been observedaffecting the appellant's,a Citizen,rights moreso a fair and impatial trial by an empaneled jury that had not been tainted.

The honorable Sixth Court of Appels is directed to Texas Code of Criminal Proc.,Art.2.01, Duties of the Disrtrict Atty stating in relevant part,"...It shall be the primary duty of all prosecuting attorneys,including special prosecutors,not to convict,but to see that justice is done..." For in the instant case,the record affirmatively reflects the States Prosecuting Atty.added insult to injury when he refused and failed to seek appropriate and adequate intervetion by the Trial Court when it was recognized the Defense Atty. had injected prejudicial and harmful opening argument conceeding to the "guilt" of his client,the Appellant,a Citizen prior to him having proffered any evidence. As he,the State's Prosecuting Atty.,like both the Defense Atty. and the Trial Judge know the public reputation and the integrety of a judicial proceeding should never become an issue as it did when the Defense Atty,in his opening argument,admitted his client's "guilt". For it was at thia point ,he,the State's Atty,stood silent and disregarded his duty and sought merely to prosecute by proffering which he,on appeal advances as,being overwhelming and sufficient evidence to convict before a tainted jury.

Still further,the Appellant, a Citizen,would bring to this Honorable Sixth Court of Appeals attention if either of the Court Officers,namely,the State Prosecuting Atty. and/or the Defense Atty. had urged appropriate instruction by the Trial Court on this structural error could have possibly minimized the prejudice and harm. Yet, the United States Supreme Court has consistantly determined and ruled both substancial and structural errors warrant reversal without a showing of prejudice or harm. See,US V MARCELS,(slip opinion)(argued 2/24/2010,Decided 5/24/2010), 560 us ————(2010), citing PUCKET V US,556 us ————(2009); us v olano,507 US 725,731-737 (1993);JOHNSON V US,520 US 461,466-467 (1997); US V COTTON 535 US 625,631-632 (2002); HEDGPE V PULIDO, 555 US (2008)

(per curiam); NEDAR V US 527 us1 (1999); YATES V ERALT, 500 US 391 (1991);

CORELLA V CALIFORNIA,491 US 263 (1989)(per curiam); POPE V ILLINOIS,481 US 497

(1987); ROSE V CLARK,478 US 570 (1986); TUMEY V OHIO,273 US 510 (1927); and

ARIZONA V FULMINANTE, 499US 279,310 (1991) of which addresses the issues of

substantive and structural error infecting the fair and impartial trial as

mandated by US CONSTITUTION AMENDMENTS VI and XIV.

Because none of those whom are formerly trained,schooled,and educated in

the "art" and "science" of the field of law deemed it both thier duty and obl-

igation to protect the integrety and public reputation of the Appellant's,a

Citizen,trial proceeding which unlike US V GONZALEZ,548 US 140,149 (2006) posed

difficulty in assessment of the substantial and structural errors. The Appellant,

a Citizen, contends the express mandate of US CONSTITUTION,AMENDMENT VI has been

overtly and blatantly violated and shown from the Trial Records when the Honōr-

able Sixth Court of Appeals takes notice of US CONSTITUTION,AMENDMENT VI,which reads,

> "In all criminal prosecutions the accused shall enjoy the right to a
> speedy and public trial,by an impartial jury of the State and district
> wherein the crime shall have been previously ascertained by law,and info-
> rmed of the nature and cause of the accusation;to be confronted with the
> witnesses against him;to have compulsory process for obtaining witnesses
> in favor,and to have the assistance of Counsel for his defense..."

and further, US CONST.AMNED.XIV, § 1, states;

> "...All persons born or naturalized in the United States,and subject to the
> jurisdiction thereof,are Citizens of the United Staes and of the State
> wherein they reside. No State shall make or enfoece any law which shall ab-
> ridge the priviledges or immunities of Citizens of the United Staes; nor
> shall any State deprive any person of life,liberty;or property,without due
> process of law;nor deny to any person within its jurisdiction the equal
> protection of the laws..."

For it is the position and standing of the Appellant ,who is acting in his

capacity as a Citizen, in the best interest of justice to bring this travesty

and miscarriage of justice to the Honorable Sixth Court of Appeals for full and

proper addressment in accordance and pursuant to the jurisdiction and author-

ity which expressly mandates and requires upholding,protecting,and/or enforcement

16

of the US CONST. as required by the Texas Constitution,Art.I,§I requiring such. Which the compliance therewith will assure even further the complete upholding protecting,,and enforcement of The Texas Const., Art.1,§s 10;19;and 27 which all mandate and protect the right of a fair and impartial trial and so does the US CONST.,AMENDMENTS VI and XIV §1 which the trial records comfirm and show violations of all bt the rudiments of justice not having been adhered and conformed to by all those whom are schooled,educsated,trained,and also practice the "art" and "science" of the field of law.

## c. ARGUMENT AND AUTHORITIES FOR ISSUE NUMBER THREE

The Appellant has and does advance in the best interest of justice,as a Citizen,that he was subject to a criminal process and procedure,at trial,which failed to meet the minimum of constitutional integrety when the Trial Court abused its discretion in refuseing and failing to uphold and enforce the mandate of the US CONST.,AMENDS V,VI,and XIV,§1 when Trial Court refused and failed to remove the jury and conduct a hearing to preserve the minimum of integrety of the jury trial process after the prejudicial injection of "guilt" of the Appellant,a Citizen,had been done by the Defense Atty.in opening argument before the empaneled jury causing harm and prejudice. For as the trial records affirmatively show that the Appellant,a Citizen,was subjected to the harmful and predjudicial unauthorized,unlawful,and uncostitutional acts,actions,omissions,and otherwise overt and blatant misconduct of his Defense Atty.who during his opening argument admitted the "guilt" of his client,the Appellant,a Citizen,before the State Prosecutor had preffered any evidence in proof of any of the allegations made in the indictment. As the position and standing of the Appellant,a Citizen,is that a Defense Atty.did taint the empaneled jury when they heard the prejudicial and harmful opening argument of the Defense Atty.whom appeared at that point to be prosecuting the Appellant,a Citizen,his Client, rather than affording any defense. Which the Appellant,a Citizen, does advance in the best interest of justice the Trial Court in refusing and failing to remove the jury and conduct

17

a hearing to assertain needed and relevant information to determine the course of action in preserving and protecting the integrety of the jury trial process; as well as,the public trust in such as the Trial Court's main duty and obligation is seeking justice.

Because the trial record is devoid of any effort or action on the part of the Trial Court at the point of the hearing the Defense Atyy's overt and blatant indifference and disregard for the trial process and procedure by having argued in open court argument that his Client,the Appellant,a Citizen,was in fact"guilty" after he,the Appellant,a Citizen, had made and entered a "plea of not guilty". For this in itself required prompt and imediate attention of the Trial Court to preserve the integrety of the jury trial process and procedure and to preserve and protect the public trust of the judicial system as a whole that was openly in question. This is supported and substaciated by the express and implied mandate of the US CONST.,AMEND.S V:VI:and XIV,§ 1 from the Honorable Sixth Court of Appeals taking judicial notice of rulings and,and further,the interpretation of such by the Supreme Court of the U.S.in rulings,opinions,and authorities interpretating such.

Because of the subject matter and nature of the Defense Atty's prejudicial and harmful opening argument injecting the "guilt" of his Client,the Appellant, a Citizen,the duty and obligation necessitated the Trial Court make inquiry for the record,if the Defense Atty. was aware and conscious of his having infected the jury with the prejudicial and harmful information prior to any evidence having been offered by the State Pros. Atty. who had the burden of proving beyond a reasonable doubt the allegations in the indictment that had now been tainted. As further inquiry would have been to inquire.if in fact the Appellant,a Citizen,was in fact "guilty" as argued by his Defense Atty.,and if so,the Trial Court bore the responsibility and duty to admonish the Appellant, a Citizen,in accordance with and pursuant to Tex.Code of Crim. Proc,§s1.13; 1.14; 1.15; and 26.13 where the Grand Jury indictment has been disjunctively pled involking the Trial Jurisdicțion for for hearing and adjudication of

of misdemaenor offense as alleged in paragraphs One and Two and Three, of which Paragraph Two is of relevance and import in this matter before this Court in the best interest of justice. For in doing so and otherwise taking appropriate action herein identified the State's Pros. Atty. could have personally and formallyentered into stipulation of "guilt" as to Paragraph Two eliminating any need of proving further the allegations of Paragraph Two and would have allowed the Trial Court's giving of an appropriate and adequate instruction regarding Paragraph Two and the Def. Atty.'s prejudicial and harmful opening argument and which would have authorized evidence relevant to Paragraphs One and Three somewhat curing the injected prejudicial and harmful opening argument that had tainted the entire trial process and procedure.

Yet, where the record affirmativly supports that no action was taken by the Trial Court in any form, the Trial Court abused its discretion to the point of not declaring a mistrial and starting anew with a new jury in a second trial. As where no action was taken in the outset and further the Trial Court did not address the issue in its jury charge the Appellant, a Citizen, was pantently subject to a denial of his rights as protected and guaranteed by the U.S. CONST. AMEND.S V:VI: and XIV,§ 1 as shown by the trial records. For the Trial Court's abuse of discretion in refusing and failing to remove the jury and conduct a hearing to aprise itself of neede information in order to make and take the appropriate and adequate action in preserving and protecting the integrety of the jury trial process and procedure of which would also have also protected and preserved public trust of the judicial system that was not done revealing and showing substansive and structural error that had denied rights protected and guaranteed.

In concluding, the Appellant, a Citizen, in the best interest of justice would point out that the Stae's Pros. Atty. having chosen to disjuctively plead three misdemeanors, Paragraphs , One, Two, and Three, all unajuticated and then alleging thereafter Tex.Penal Code,§ 25.11 avertment.

For the Appellant.a Citizen,takes position and standing the unauthorized, unlawful,and uncostitutionalacts,actions,and omissions,and otherwise overt and blatant misconduct of the Def. Atty. in injecting the Client's "guilt" then bound the Court to proceed with adjutication of matters relevant to Paragraphs One and Three prior to charging the jury with full duty where the evidence as proffered by the State only showed and substanciated proof of Paragraph Two a misdemeanor and the Appellant,a Citizen,is presently confined in prison for a felony. As again,the Trial Court's abuse of discretion in refusing and failing to conduct the hearing the judicial process and procedure has denied the Appellant,a Citizen,his rights expressly and implicitely mandated by the U.S. CONST. AMEND.S V: VI: XIV, § 1 as determined by the Supreme Court of the United States.

In addition to the previously cited citations and authorities,the Honorable Sixth Court of Appeals attention is also directed to, KANSAS V CHEEVER.(slip opinion)(No.12-609 Argued 11/16/2013--Denied 12/11/2013) which cited,ESTELLE V SMITH, 451 US 454 (1981) shedding light on the position and standingentitling him,the Appellant, a Citizen,to relief in the best interest of justice where the Defense Atty!s error,and Trial Court's abuse of discretion denied a fair and impartial trial process and procedure.

d. ARGUMENTS AND AUTHORITIES FOR ISSUE PRESENTED NUMBER FOUR

The Appellant has and does advance in the best interest of justice,as a Citizen,that he was subject to a criminal process and procedure,at trial,which failed to meet the minimum of constitutional integrety where an officer of the Court,the State's Pros.Atty. refused and failed to protect the integrety of the jury trial process and procedure requesting the Trial Court to remove the jury and make judicial inquiry of and about the Def.Atty.admitting "guilt" of his Client who had entered a"plea of not guilty" as heard by the empaneled jury whom had been prejudiced and harmed by the opening argument. For the Appellant,a Citizen,is advancing this"argument and authorities" would ask this Sixth Court of Appeals to take judicial notice of Tex.Code of Crim.Proc.,§ 2.01 Duties of District Attorneys which expressly and implicitly mandates in

stateing in relevant and pertinent part,"... It shall be the primary duty of all prosecuting attys.,including any special prosecyutors,not to convict,but to see that justice is done...".

Yet, the State's prosecuting Atty.refused and failed to move the trial Court to remove the jury and make judicial inquiry into the nature and basis of the Defense Atty.'s admitting his Client's "guilt"in the opening argument and prior to the proffering of any evidence by the State. As it is this failure and refusal on part of the State's Pros. Atty., the Appellant contends and complains Tex Code of Crim Proc, Art.2.01 was violated furthering the inquiry of the Appellant's,a Citizen,right's to be free of giving evidence against himself by and through his Defense Atty,'s opening argument admitting his Clients "guilt". For since 1935 the Supreme Court of the United States has ruled it is is the duty of the Prosecuting Atty. to see that justice is done as ruled and mandated in the case of,BEGER V US, 295 US 78 (1935).

It is of notice that where the State's Prosecuting Atty. heard personally the Appellant's,a Citizen, Def. Atty.by and through his unauthorized,unlawful, and unconstitutional acts,actions,omissions,and otherwise conduct his overt and blatant misconduct infect the empaneled jury with prejudice and harm by admitting his Client's "guilt"that made the jury privy to "Atty.Client privileged information" that tainted the juries ability to preform its duties in accordance with the United States Constitution mandate governing prohibition against giving of evidence against self and a fair and impartial trial which includes a jury that had not been tainted making it Constitutionally infirm. But,the inaction on the part of the States Pros. Atty.who then embraced an area which is extremely prohibited and contrary to duties seeking only to protecting jury trial process and procedure and protection of the judicial by insuring the integrety of both,see,BEGER V UNITED STATES,supra.

Because the error is reviewed in light of the "harmless error standard" that requires the Appellant,a Citizen,to identfy prejudice tracable to claim violation,see,CHAPMAN V CALIFORNIA, 386 US 18 (1967), which the instant com-

21

plaint by the State's Pros. Atty.'s refusal adnd failure to attempt to hav e the Trial Court remove the tainted jury to assertain if it was within the best interest of justice to proceed with the currant trial with the tainted jury.

Due to the trial record not reflecting any acts or actions on part of the State's Pros.Atty. which was not employed for any other reason of obtaining a conviction as the State's proffering of evidence to support and prove parag-raph two which the Appellant's a Citizen,trial counsel had already admitted the Client AS BEING GUILTY OF prior to hearing any evidence the State proffered.

The Appellant,a Citizen, take position and standing that where the State's evidence proffered relevant to Paragraph WWW one and Three was denied by the a-llged victim and the State's witness had personally given false information as to her identity and not having been shown or proven to be the same person whom the testifiying police officer who purportedly interviewed on the day,date,and time as required and needed to substanciate elements of the offense beyond a reasonable doubt. For in the instant case,the mimicking of,then Solicitor Gen-eral Thurgood Marshall could have and should have been emplyed aS NOTED by, BLACK V UNITED STATES, 385 US 26 (1966),who requested the Supreme Court of the United States grant a new trial..

In the inspection of the trial records,it should be noted that it is app-arent from the outset of the prosecution of the Appellant,a Citizen,that neither the police and/or Gregg County Prosecutors had engaged in any serious invest-igation of either the State's witness or facts which the state based its case upon. For it is apparent: that where the disjunctive pleading as done by the prosecutor in the instant case would have warranted the Appellant,a Citizen, being found guilty of paragraph Two ,if not,afforded a new trial before a new jury, if the Trial Court had declared a mistrial through error on part of the Defense Counsel injecting the "guilt" of his Client violating,U S CONSTITUTION, AMEND.V AND XIV, § 1 that amounted to the Appellant,a Citizen,having given evidence against himself prejudicing and harming the jury bt the taint of his

22

opening argument.

In conclusion,the refusal and failure on part of the State's Pros, Atty. knew his refusal and failure to act, as well as ,the Trial Court's refusal and failure would be patently unfair where the injection inflicted taint prior to the State's proffering of evidence. As this is affirmatively shown and reflected in the trial records supporting the advancement made in the best interest of justice.

With the Appellant,a Citizen,exercising his right to Petition this Court for remedy,redress,relief and resolution in a matter of basics of fundamental fairness and due-process has been subject to deliberate indifference and callous disregard that now reveals the protection and preservation of integrety of the jury trial process and procedure;as well as,the public trust of the judicial system has been disregarded when the stae's Atty. chose to seek prosecution in lieu of his duties seeking justice.

The Appellant,a Citizen,who has and does in the best interest of justice would ask this Honorable Sixth Court of Appeals to take judicial notice of the BRIEF AMICUS ofPACIFIC LEGAL FOUNDATION IN SUPPORT of PETITIONER'S as filed by the Debra J. La Fetra,an Attorney,who stated and plead at page six therein pursuant to and pertinent and relevant material surely relevant to the Court's review ruling made on this pleading, For was State and plead as follows;

> "...The Constitution is not a treaty among sovereigns who are free
> to act in violation of the rights of Citizens,but a soereign autho-
> rity which restricts state autonomy by both implicit and explicit
> limitations,MARIN V HUNTER'S LESSEE,14 US,(1 WHEAT) 304,324-325 (1816)..";

as the ruling and opiniona of the Supreme Court of the United States in the case of SNYDER V MASS.,302 US 319,325 (1937) addresses the "implicit limitation" which,the "explicit restrictions" are set forth in U S CONSTITUTION,ARTICLE I, § 10. As this statement and pleading as done by Attorney Debra J.LaFetra,of the Pacific Legal Foundation made before the Supreme Court of the United States in the case of PHILIP MORRIS USA,Inc. V WILLIAMS SUPREME COURT NO.07-1216 does

support and substanciate this Sixth Court of Appeals granting relief hereinafter prayed for on all issues presented where the Appellant,a Citizen has been denied both implicit and explicit rights under the U S Constitution by the 124th Dist. Court and its Officers having appeared in this case.

### PRAYER

WHEREFORE PREMISES CONSIDERED,the Appellant,a Citizen,does PRAY that this Honorable Sixth Court of Appeals does grant and order all preliminary motions ORDERING the foregoing LETTER FORM PLEADING to be filed and processed whereas the complained and pled unauthorized,unlawful,unconstitutional,acts,actions, omissions,and otherwise conduct which has infected and caused the Appellant,a Citizen,to be subjected to the travesty and miscarriage of justice in violation of the U S Constitution causing the Appellant,a Citizen to be subject to an illegal judgement,conviction,and sentence that the Appellant,a Citizen seeks and prays that the Court reverse and remand with insructions to aquit the Appellant,

a Citizen, of all allegations exept those of Paragraph Two which the Court should instruct that the Appellant,a Citizen,be ordered immediately released as time served. And further,that the Honorable Sixth Court of Appeals

does grant and order any and all other remedy,redress,relief and resolution as authorized by Law and Equity of which the Appellant,a Citizen,does hereinafter affix his signature on this date January 6,2015 decalring,confirming,and pleading the foregoing and instant LETTER FORM PLEADING. to be true and correct.

Respectfully Submitted,

*Eric L. Hill 1917752*

ERIC L. HILL #1917752

Appellant,a Citizen,"Pro Se"

Allred unit /T.D.C.J÷C.I.D.

2101 FM 369 Nth

IOWA PARK, TEXAS 76367-6568

24

## CERTIFICATE OF SERVICE

I, ERIC L. HILL #1917752, do decalre under the penalty of purjury of the laws of the State of Texas and the United States the foergoing Letter Form Pleading has been served upon the State's Appeal Counsel, namely; Asst. Dist.Atty.Zan Colson Brown at Gregg Co.Dist.Attyorney's Office;101 East Methvin St.Suite333,Longview, tx 75601 by placing in the T.D.C.J. mailbox in a postage pre-paid envelope for pick-up by the Allred Unit Mairoom who will log the same in the out-going Legal/Special Mail-log and subsequently be deposited in the U S Postal Service for delivery as stated to be to be a true and correct service executed on this date of 1/6/2015.

*Eric L. Hill 1917752.*

ERIC L. HILL #1917752

Appellant, "Pro Se"

Allred Unit / T.D.C.J.-C.I.D.

2101 FM 369 North

IOWA PARK, TEXAS 76367-6568

Cc Gregg Co. Dist Atty.

PERSONAL FILE

25